**PETELO of Leone, Plaintiff**

v.

**SOPE of Aunuu, Defendant**

No. 2-1937

High Court of American Samoa

Civil Jurisdiction, Trial Division

[Matai Name: "Lemafa" of Aunu'u]

August 19, 1937

HARRY P. WOOD, *Chief Justice;* PELE, *District Judge;* and S. MULI, *District Judge*

DECISION

The matai name Lemafa of Aunuu was filed for registration by Sope and the objection was originally filed in the name of Liae but the day before the trial Petelo was substituted as the objector and candidate for the name and this substitution was confirmed in open court.

Petelo offered his own and the testimony of his witnesses to support his contention that he is the grandson of a Lemafa Talagi; that Talagi was the first holder of the name Lemafa; that he, Petelo had lived three years as a school teacher in Aunuu and during that time had rendered active service to the last holder of the name Seau and had rendered less active service at other times.

Sope in behalf of his own candidacy offered his own and the testimony of his witnesses that he is the grandson of Lemafa Taale and a nephew of Lemafa Seau, being the son of Seau's older brother; that he is fifty years old and has always lived in Aunuu and rendered personal service to Seau during his more than thirty one years incumbency of the title Lemafa and has lived and still lives in the house of Lemafa.

The proponent of the name, Sope, furnished the Court with a list of six holders of the name Lemafa beginning with Lemafa Aunuu. Petelo and his witnesses named but four holders of the name beginning with Lemafa Talagi.

The only holders of the name that both sides agreed upon were Paletua and Seau.

Petelo and his witnesses denied that there was a holder

558

of the title named Taale and Sope and his witnesses denied that there was a holder of the name called Talagi. Petelo admitted that he never saw his grandfather Talagi and Sope stated that he just remembered having seen Taale when he, Sope, was a young boy. Two old men, both over eighty years, called as witnesses and testifying, the one for Petelo, that he had seen Talagi and the other one called by the Court as *amicus curiae* said that he had seen Taale.

The only Lemafas of which the Court has definite proof as a holder of the title are Seau and Paletua. Paletua is admitted by both sides to have been a holder of the name and Seau is registered as a Lemafa as of the year 1906 to the date of his death in 1936. Whether or not there was a Lemafa Paletua is immaterial as neither of the candidates before the Court is descended from him. The existence of Paletua as a holder of the name Lemafa would have been very material if Liae had remained a candidate.

Assuming that there was a Lemafa Talagi then we may assume that Petelo is his grandson and if there was a Lemafa Taale then we may assume also that Sope is his grandson. In any case there undoubtedly was a Lemafa Seau and Sope is admitted to be his nephew. This relationship of uncle and nephew is the one and only fact of evidentiary value regarding the hereditary rights of the respective candidates, which question is before the Court.

Assuming that Petelo and Sope are each a grandson of a Lemafa then their hereditary rights would be equal unless the relationship of Sope as nephew of Seau is considered. If their hereditary rights are equal then the court may take into consideration qualities of general fitness to hold the name.

Petelo is and has been a school teacher for many years and has lived in Aunuu three years in that capacity. Sope has lived there all his life and during the lifetime of Seau,

at least, has lived in Seau's house and rendered service to him as Lemafa.

It does not seem to the court that there can be much doubt in answer to the question that Sope has had a far better opportunity to become familiar with the lands and general affairs of the family than Petelo. He was in constant contact with Seau as Lemafa for at least thirty one years while Petelo even though he was loyal and faithful to his matai, living in the village only three years while engaged in duties of his profession.

Considering these facts and all the circumstances of the case, it is the opinion of the Court that the affairs of the Lemafa family would be administered to the best interests of that family by Sope rather than by Petelo and accordingly the decision of the Court is that the name Lemafa be given to Sope of Aunuu.

Costs of $25.00 to be borne by Petelo.